COMMONWEALTH OF
PENNSYLVANIA,
Appellee

v.

Joseph Anthony REEVES, Appellant.

Commonwealth of Pennsylvania,
Appellant

v.

Joseph Anthony Reeves, Appellee.

Superior Court of Pennsylvania.

Submitted April 9, 2001.

Filed June 5, 2001.

John Petorak, Scranton, for Reeves.

Jason J. Legg, Assistant District Attorney, Montrose, for Com.

Before: DEL SOLE, P.J., STEVENS, and MONTEMURO *, JJ.

STEVENS, J.

¶ 1 Joseph Anthony Reeves and the Commonwealth have filed separate appeals from the judgment of sentence entered in the Court of Common Pleas of Susquehanna County following Reeves' guilty plea to the charge of criminal conspiracy to commit robbery.[1] On appeal, Reeves contends that the sentencing court abused its discretion in failing to state its reasons on the record for sentencing him within the aggravated range. In its cross-appeal, the Commonwealth alleges that the sentencing court erred in failing to impose a mandatory minimum sentence of five years as is prescribed by 42 Pa.C.S.A. § 9712. We vacate Reeves' judgment of sentence and remand for resentencing in accordance with Section 9712.

¶ 2 The relevant facts and procedural history are as follows: Reeves was arrested and charged with various offenses in connection with a robbery at the Pump–N–Pantry[2] in Bridgewater Township, Susquehanna County. On September 5, 2000, Reeves pleaded guilty to criminal conspiracy to commit robbery, and, following a hearing held on September 13, 2000, Reeves was sentenced to, *inter alia*, twenty-five months to fifty months in prison. On September 22, 2000, Reeves filed a post-sentence motion seeking reconsideration of his sentence, and the motion was denied on that same date. The Commonwealth and Reeves both filed an appeal to this Court.

¶ 3 Reeves contends that the sentencing court failed to state its reasons on the record for sentencing Reeves in the aggravated range. Reeves' claim is a challenge to the discretionary aspects of sentencing. *See Commonwealth v. Martin*, 727 A.2d 1136 (Pa.Super.1999). "The right to appeal a discretionary aspect of sentence is not absolute." *Martin*, 727 A.2d at 1143 (citation omitted). We conclude that Reeves has failed to preserve his sentencing claim.

¶ 4 In *Commonwealth v. Jarvis*, 444 Pa.Super. 295, 663 A.2d 790 (1995), this Court held that, even though Pa.R.Crim.P. 1410[3] characterizes a motion to modify sentence as "optional," "the rule plainly states that only issues which were presented to the trial court before or during trial shall be deemed preserved." *Id.* at 791. The modifications to Rule 1410 have not altered the requirement of Pa.R.A.P. 302 which states that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." *Id.* at 791 (citations omitted). As such, issues challenging the discretionary aspects of sentencing must be raised in a post-sentence motion or by raising the claim during the sentencing proceedings. *Commonwealth v. Petaccio*, 764 A.2d 582 (Pa.Super.2000). Absent such efforts, an objection to a discretionary aspect of a sentence is waived. *Id.*

¶ 5 In the case *sub judice*, Reeves filed a post-sentence motion seeking modification of his sentence. However, Reeves failed to raise the specific claim regarding the sentencing court's alleged failure to state the reasons for Reeves' sentence on the

---

* Retired Justice assigned to the Superior Court.

1. This Court consolidated the appeals.

2. The Pump–N–Pantry is a convenience store.

3. We note that Pa.R.Crim.P. 1410 was renumbered to Pa.R.Crim.P. 720 effective April 1, 2001.

record. In addition, Reeves did not raise this specific reason during the sentencing hearing. As such, Reeves did not give the sentencing judge an opportunity to reconsider or modify Reeves' sentence on this basis, and, therefore, the claim is waived.[4] *See Petaccio, supra.*

■ ¶ 6 In its cross-appeal, the Commonwealth argues that the sentencing court erred in failing to impose the mandatory minimum sentence of five years in prison as is prescribed by 42 Pa.C.S.A. § 9712.[5] We agree.

¶ 7 42 Pa.C.S.A. § 9712 provides the following:

(a) **Mandatory sentence.**-Except as provided under section 9716 (relating to two or more mandatory minimum sentences applicable), any person who is convicted in any court of this Commonwealth of a crime of violence as defined in section 9714(g) (relating to sentences for second and subsequent offenses), shall, if the person visibly possessed a firearm or a replica of a firearm, whether or not the firearm or replica was loaded or functional, that placed the victim in reasonable fear of death or serious bodily injury, during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary. Such persons shall not be eligible for parole, probation, work release or furlough.

(b) **Proof at sentencing.**-Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing.[6] The applicability of this section shall be determined at sentencing.

(c) **Authority of court in sentencing.**-There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a) or to place such offender on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.

(d) **Appeal by Commonwealth.**-If a sentencing court refuses to apply this section, where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for imposition of a sentence in accordance with this section if it finds that the sentence was imposed in violation of this section.

---

4. We note that the trial court did not address Appellant's sentencing claim in an opinion. As such, waiver is proper under *Commonwealth v. Egan,* 451 Pa.Super. 219, 679 A.2d 237 (1996), which held that this Court may address a sentencing claim where the trial court discusses the claim in its opinion.

5. We note that the Commonwealth raised its specific issue at the September 13, 2000 sentencing hearing. In any event, the Commonwealth's challenge is to the legality of sentence, which is generally non-waivable. *See Commonwealth v. Smith,* 386 Pa.Super. 626, 563 A.2d 905 (1989), *affirmed,* 528 Pa. 380, 598 A.2d 268 (1991).

6. There is no dispute that the Commonwealth provided Reeves with notice of the Commonwealth's intent to seek the mandatory minimum sentence.

**(e) Definitions.**-As used in this section, the following words and phrases shall have the meanings given to them in this subsection.

"**Firearm.**" Any weapon, including a starter gun, which will or is designed to or may readily be converted to expel a projectile by the action of an explosive or the expansion of gas therein.

"**Replica of a firearm.**" An item that can reasonably be perceived to be a firearm.

(emphasis in original).

¶ 8 42 Pa.C.S.A. § 9714(g), to which 42 Pa.C.S.A. § 9712(a) refers, provides that:

As used in this section, the term 'crime of violence' means murder of the third degree, voluntary manslaughter, aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) or (2) (relating to aggravated assault), rape, involuntary deviate sexual intercourse, arson as defined in 18 Pa.C.S. § 3301(a) (relating to arson and related offenses), kidnapping, burglary of a structure adapted for overnight accommodation in which at the time of the offense any person is present, robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii), (iii) (relating to robbery), or robbery of a motor vehicle, or criminal attempt, criminal conspiracy or criminal solicitation to commit murder or any of the offenses listed above, or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense, or an equivalent crime in another jurisdiction.

¶ 9 In *Commonwealth v. Chiari*, 741 A.2d 770 (Pa.Super.1999), this Court examined the mandatory minimum provision of Section 9712 and concluded that the Section

appli[es] to accomplices who did not visibly possess a firearm during the commission of the crime or crimes in question. Pennsylvania law is clear that a sentencing court **must** apply the provision ˙of [S]ection 9712 to an unarmed accomplice who had knowledge that his co-felon visibly possessed a firearm during the commission of the joint crimes.

*Chiari*, 741 A.2d at 776 (emphasis in original). *See Commonwealth v. Smith*, 386 Pa.Super. 626, 563 A.2d 905 (1989), *affirmed*, 528 Pa. 380, 598 A.2d 268 (1991) (holding that the mandatory minimum sentencing provision applies if the defendant knew that his accomplice possessed a firearm and used it during the commission of the crime).

¶ 10 In the case *sub judice*, Reeves pleaded guilty to criminal conspiracy to commit robbery, which is a crime subject to the mandatory minimum sentencing provision of Section 9712(a). *See* 42 Pa. C.S.A. § 9714(g). After a careful review of the record, we conclude that the Commonwealth proved that Appellee's co-felon, Joshua Edward Price, possessed a gun during the robbery and used the gun to terrorize the victim in this case. We further conclude that the evidence is clear that Reeves knew Price possessed the firearm and that Price used the weapon to threaten the victim so that the victim would comply with Price's demands.

¶ 11 For example, during the sentencing hearing, Price testified that he, Reeves, Florette Reed, and Melanie Cook agreed to rob the Pump–N–Pantry and that the foursome traveled to the scene with Reeves in the driver's seat. Prior to the robbery, Price obtained a gun and ski mask, he put the ski mask on as he was exiting the car, and he took the gun with him into the Pump–N–Pantry. Reed accompanied Price into the Pump–N–Pantry, while Reeves and Cook waited in the getaway car. Once inside the Pump–N–Pantry, Price pointed the gun at the store's attendant and forced the attendant into

the bathroom. Price took the money, fled the store, and entered the get-way car with the gun in his pocket. After the robbery was over, Price left the car, leaving the gun in the backseat, and Reeves drove away with the gun inside. Price specifically testified that he got the gun because the foursome agreed that it was needed to rob the Pump–N–Pantry and that he never saw the gun after it was left in the car being driven by Reeves. N.T. 9/13/00 at 7, 9.

¶ 12 Florette Reed testified that, prior to the robbery, she saw Reeves hand the gun to Price, and she confirmed that the foursome agreed to rob the Pump–N–Pantry. Reed further testified that the foursome discussed the fact that a gun was needed in order to commit the robbery, but they agreed that the gun was not to be loaded, and that, while he was in the car, Price displayed the gun prior to the robbery.

¶ 13 Melanie Cook testified that she knew a gun was going to be used during the robbery because Reeves told her so. N.T. 9/13/00 at 64.

¶ 14 Based on the aforementioned, we find that the trial court erred in failing to sentence Reeves to a minimum of five years in prison pursuant to Section 9712. Specifically, we conclude that the Commonwealth demonstrated that Reeves' co-felon visibly possessed a gun during the robbery of the Pump–N–Pantry and that Reeves was aware of this fact.

 ¶ 15 Our decision is not altered by Reeves' contention that Section 9712 is inapplicable since he was not present in the Pump–N–Pantry, and, therefore, did not actually see Price visibly possess the gun during the commission of the robbery. We find that since the evidence shows Reeves had knowledge that the gun was used during the robbery of the Pump–N–Pantry, he must be sentenced under Section 9712, even though he did not actually see Price point the gun at the victim. If we were to conclude that Reeves needed to actually see the gun being pointed at the victim, then the result would be that drivers of get-away cars would be immune from the dictates of Section 9712 merely because they chose to remain in their cars. Such a result was not intended by the legislature when the mandatory minimum sentencing requirement was passed into law. We hold that where the evidence reveals that drivers of get-away cars have specific knowledge that their co-felons used a gun during a robbery, then those drivers shall be subject to Section 9712.

¶ 16 Judgment of Sentence Vacated; Remanded for re-sentencing; Jurisdiction is relinquished.