J. S38014/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :    IN THE SUPERIOR COURT OF
                             :          PENNSYLVANIA
            v.               :
                             :
WANDA SINGLETON,          :        No. 1917 EDA 2013
                             :
           Appellant      :

Appeal from the Judgment of Sentence, June 18, 2013,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0000178-2012,
CP-51-CR-0003328-2012

BEFORE:  FORD ELLIOTT, P.J.E., BOWES AND SHOGAN, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:**FILED NOVEMBER 07, 2014**

Wanda Singleton appeals from the judgment of sentence entered June 18, 2013.  We affirm.

Appellant was arrested and charged with attempted theft by unlawful taking and tampering with physical evidence for events that occurred on November 22, 2011; and attempted theft by unlawful taking for events that occurred on December 18, 2012.  On February 20, 2013, appellant entered a guilty plea to two counts of criminal attempted theft by unlawful taking moveable property and one count of tampering with physical evidence.  On June 18, 2013, she was sentenced to an aggregate sentence of 3½ to 7 years' incarceration.  Specifically, the trial court imposed a 2½ to 5-year term of incarceration to run concurrently for each count of attempted theft

charges followed by 1 to 2 years' incarceration for tampering to run consecutively. Thereafter, appellant filed a post-sentence motion; on June 27, 2013, the trial court denied appellant's motion without a hearing. (Docket #6.) A timely notice of appeal was filed on July 1, 2013.

Herein, appellant argues her sentence is excessive and is not specifically tailored to her rehabilitative needs. She also claims the trial court did not provide sufficient reasons for its departure outside of the aggravated range of the sentencing guidelines. (Appellant's brief at 9-10.)

In order to preserve an issue pertaining to the discretionary aspects of sentence, the issue must first be raised either at the time of sentencing, or in a post-sentence motion. ***Commonwealth v. McAfee***, 849 A.2d 270, 275 (Pa.Super. 2004), ***appeal denied***, 860 A.2d 122 (Pa. 2004). As appellant failed to do either, the issue is waived. As the Commonwealth notes, appellant's post-sentence motion failed to raise the specific sentencing claims asserted in her appeal. Appellant's post-sentence motion set forth the following claim: "[a]t the time of sentencing, the court was made aware of the guidelines in this case were under two years." (Petition to vacate and/or modify sentence.) Appellant also does not direct us to the location in the record where this issue was preserved. ***See*** Pa.R.A.P., Rule 2119(e), 42 Pa.C.S.A. (statement of place of raising or preservation of issues). As appellant did not give the sentencing judge an opportunity to reconsider or modify her sentence on this basis, the claim is waived. ***See***

J. S38014/14

***Commonwealth v. Reeves***, 778 A.2d 691, 692-693 (Pa.Super. 2001); Pa.R.A.P., Rule 302(a), 42 Pa.C.S.A. (issues not raised in the lower court are waived and cannot be raised for the first time on appeal).

Judgment of sentence affirmed.


Bowes, J. concurs in the result.

Shogan, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/2014

- 3 -