**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BENJAMIN HOOVER, | |
| Appellant | No. 1485 MDA 2014 |

Appeal from the Judgment of Sentence of July 17, 2014
In the Court of Common Pleas of Huntingdon County
Criminal Division at No(s): CP-31-CR-0000501-2013

BEFORE:  PANELLA, OLSON AND OTT, JJ.

MEMORANDUM BY OLSON, J.:                **FILED APRIL 23, 2015**

Appellant, Benjamin Hoover, appeals from the judgment of sentence entered on July 17, 2014, as made final by the denial of Appellant's post-sentence motion on August 15, 2014.  We affirm.

On May 5, 2014, Appellant pleaded guilty to the criminal charge of homicide by vehicle and the summary charge of passing on the left unsafely.[1]  A pre-sentence investigation report was prepared and, on July 17, 2014, a sentencing hearing was held.[2]  During the sentencing hearing,

_____

[1] 75 Pa.C.S.A. §§ 3732(a) and 3305, respectively.

[2] With respect to the date of Appellant's sentencing hearing, we note that there is a discrepancy between the docket entry and the transcript from the sentencing hearing.  Whereas the docket states that Appellant was sentenced on July 17, 2014, the transcript from Appellant's sentencing hearing declares that the sentencing hearing occurred on July 16, 2014. Nevertheless, the written sentencing order declares that the order was

*(Footnote Continued Next Page)*

the trial court noted that the standard sentencing range for Appellant's homicide by vehicle conviction was three to 12 months in jail. However, the trial court concluded that the "protection of the public, the gravity of the offense, and [the] rehabilitative needs of [Appellant]" required that it sentence Appellant to a term of imprisonment that was outside of the sentencing guidelines. Sentencing Hearing, 7/17/14, at 13. The trial court then sentenced Appellant to a term of three to six years in prison for the homicide by vehicle conviction.

On July 22, 2014, Appellant filed a timely post-trial motion, wherein Appellant requested that the trial court "reconsider its sentence and fashion a sentence consistent with the sentencing guidelines" because: 1) "the Commonwealth did not place any aggravating factors on the record;" 2) Appellant "did not contest the charges or any search requests by the [Pennsylvania] State Police;" 3) there was "no level of criminal sophistication regarding this offense;" 4) Appellant maintained his employment prior to sentencing; and, 5) "[t]he conduct of [Appellant] as alleged [did] not rise to a level beyond the elements of the offense as the conduct complained of is contemplated by the elements of the offense and the sentencing guidelines." Appellant's Post-Sentence Motion, 7/22/14, at 2.

_(Footnote Continued)_ ────────────────

signed on July 17, 2014 and Appellant's original trial counsel stated that the sentencing hearing occurred on July 17, 2014. **See** Sentencing Order, 7/17/14, at 1; Appellant's Post-Trial Motion, 7/22/14, at 1. Therefore, it appears as though Appellant was sentenced on July 17, 2014.

On July 31, 2014, the trial court permitted Appellant's trial counsel to withdraw and the trial court appointed new counsel to represent Appellant. The trial court then denied Appellant's post-sentence motion on August 15, 2014. Trial Court Order, 8/15/14, at 1.

After Appellant filed a timely notice of appeal, the trial court ordered Appellant to file and serve a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant complied and, within Appellant's Rule 1925(b) statement, Appellant raised the following claim:

> Is the sentence of [three to six years' imprisonment] imposed by [the trial] court after [Appellant] pled guilty to homicide by vehicle manifestly excessive and unreasonable in light of a 300% deviation from the sentencing guideline range of [three to] 12 months?

Appellant's Rule 1925(b) Statement, 9/22/14, at 1 (some internal capitalization omitted).

Appellant now raises the above-quoted claim to this Court. Specifically, Appellant claims on appeal:

> Is the sentence of [three to six years' imprisonment] imposed by [the trial] court after [Appellant] pled guilty to homicide by vehicle . . . manifestly excessive and unreasonable in light of a 300% deviation from the sentencing guideline range of [three to] 12 months[?]

Appellant's Brief at 5 (some internal capitalization omitted).

Appellant's challenge is to the discretionary aspects of his sentence. "[S]entencing is a matter vested in the sound discretion of the sentencing

judge, whose judgment will not be disturbed absent an abuse of discretion."

***Commonwealth v. Ritchey***, 779 A.2d 1183, 1185 (Pa. Super. 2001). Moreover, pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. ***See*** 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. ***Id.***

As this Court has explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

***Commonwealth v. Cook***, 941 A.2d 7, 11 (Pa. Super. 2007).

In the case at bar, while Appellant filed a timely post-sentence motion, Appellant's post-sentence motion did not claim that his sentence was "manifestly excessive and unreasonable in light of [it being a] 300% deviation from the sentencing guideline range of [three to] 12 months." ***See*** Appellant's Post-Sentence Motion, 7/22/14, at 2; Appellant's Brief at 5. Rather, Appellant's post-sentence motion requested relief based upon the presence of mitigating factors and the absence of aggravating factors – including that Appellant "did not contest the charges," there was "no level of criminal sophistication regarding this offense," and Appellant maintained his

employment prior to sentencing. Appellant's Post-Sentence Motion, 7/22/14, at 2. Appellant never claimed that his sentence was "manifestly unreasonable" simply because it constituted a "300% deviation from the sentencing guideline range." Appellant's Brief at 5. As such, Appellant "did not give the sentencing judge an opportunity to reconsider or modify [Appellant's] sentence on [the] basis" raised on appeal. ***Commonwealth v. Reeves***, 778 A.2d 691, 692-693 (Pa. Super. 2001). Appellant's discretionary aspect of sentencing claim is thus waived on appeal. Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"); ***Cook***, 941 A.2d at 11 ("[t]o reach the merits of a discretionary sentencing issue, we [must] determine: . . . (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720"); ***Commonwealth v. Tejada***, 107 A.3d 788, 798-799 and 798 n.9 (Pa. Super. 2015) (holding that, where the defendant "challeng[ed] only the purported excessiveness of his sentence" at the post-sentence motion stage, the defendant did not preserve the following four discretionary aspects of sentencing claims on appeal: "(1) the sentencing court erroneously applied the sentencing guidelines; (2) the sentencing court was 'dismissive' of his apology given at sentencing; (3) the trial court did not properly weigh the mitigating evidence and [the defendant's] rehabilitative needs in fashioning the sentence; and (4) the trial court erred by applying the deadly weapon enhancement to his sentence").

Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/23/2015