J-S26003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ISAAC NARANJO | |
| Appellant | No. 227 EDA 2015 |

Appeal from the Judgment of Sentence August 19, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-00212551-2002

BEFORE:  OLSON, STABILE and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 12, 2016**

Appellant, Isaac Naranjo, appeals from the judgment of sentence entered on August 19, 2014, as made final by the denial of Appellant's post-sentence motion on December 31, 2014.  We affirm.

As this Court previously explained:

> [In 2003, a] jury convicted Appellant of attempted murder, aggravated assault, burglary, possession of an instrument of crime ("PIC"), terroristic threats, criminal trespass, recklessly endangering another person [("REAP")], simple assault, and contempt of court.[1]  The convictions stemmed from Appellant's brutal attack on his former girlfriend with a box cutter.  The assault occurred after she had successfully obtained a protection from abuse order. . . .

_____

[1] 18 Pa.C.S.A. §§ 2502, 2702, 3502, 907, 2706, 3503, 2705, and 2701, and 23 Pa.C.S.A. § 6114, respectively.

*Retired Senior Judge assigned to the Superior Court.

On May 8, 2003, the [trial] court sentenced Appellant to [20] to [40] [years'] incarceration for attempted murder and consecutive terms of imprisonment of ten to [20] years for burglary and two and one-half to five years each for his PIC and terroristic threats convictions. No further sentence was imposed on the remaining convictions. Appellant's aggregate sentence was [35] to [70] [years'] imprisonment.

. . . This Court affirmed Appellant's judgment of sentence on October 19, 2005. *Commonwealth v. Naranjo*, 889 A.2d 116 (Pa. Super. 2005) (unpublished memorandum). . . . The Pennsylvania Supreme Court [] denied Appellant's petition for allowance of appeal on May 20, 2008. *Commonwealth v. Naranjo*, 953 A.2d 541 (Pa. 2008).

*Commonwealth v. Naranjo*, 81 A.3d 1002 (Pa. Super. 2013) (unpublished memorandum) at 1-3 (internal footnotes omitted), *appeal denied*, 81 A.3d 76 (Pa. 2013).

Appellant filed a timely petition under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, and the PCRA court denied Appellant relief. On May 23, 2013, this Court affirmed the PCRA court in part, reversed the PCRA court in part, vacated Appellant's judgment of sentence, and remanded the case for re-sentencing. As we held, Appellant's sentence of 20 to 40 years' imprisonment for attempted murder was illegal because "the jury was never presented with, nor rendered a decision on, the question of whether a serious bodily injury resulted from the attempted murder." ***Id.*** at 12, *quoting* ***Commonwealth v. Johnson***, 910 A.2d 60, 67 (Pa. Super. 2006).

The trial court held Appellant's re-sentencing hearing on August 19, 2014. At the conclusion of the hearing, the trial court re-sentenced

- 2 -

Appellant to serve an aggregate term of 25 to 50 years in prison. The trial court structured Appellant's sentencing term in the following manner: ten to 20 years in prison for attempted murder; a concurrent term of ten to 20 years in prison for aggravated assault; a consecutive term of ten to 20 years in prison for burglary; a consecutive term of two-and-a-half to five years in prison for PIC; and, a consecutive term of two-and-a-half to five years in prison for terroristic threats.[2] N.T. Sentencing, 8/19/14, at 4-5.

On August 29, 2014, Appellant filed a timely post-sentence motion, where Appellant baldly claimed that his aggregate sentence was excessive. In relevant part, Appellant's post-sentence motion reads:

> I. MOTION FOR RECONSIDERATION OF SENTENCE:
>
> The application of [Appellant], by his Attorney . . . respectfully represents:
>
> > 1. That on August 19, 2014, [Appellant] was resentenced after a Superior Court remand to 25 to 50 years for attempted murder, burglary, terroristic threats, and PIC.
> >
> > 2. The sentence imposed was the maximum allowed by law and is above the aggravated range of the Sentencing Guidelines and extremely excessive.
>
> WHEREFORE, [Appellant] respectfully prays that [the trial court] grant [Appellant's] application to reconsider sentence and impose a guideline sentence.

---

[2] Appellant received no further penalty for simple assault, REAP and criminal trespass. N.T. Sentencing, 8/19/14, at 5.

Appellant's Post-Sentence Motion, 8/29/14, at 1 (internal bolding omitted) (some internal capitalization omitted).

On December 31, 2014, Appellant's post-sentence motion was deemed denied by operation of law. *See* Pa.R.Crim.P. 720(B)(3)(a). After Appellant filed a timely notice of appeal, the trial court ordered Appellant to file and serve a concise statement of errors claimed on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant listed the following boilerplate claim in his Rule 1925(b) statement:

> The trial court abused its discretion when it sentenced Appellant to an aggregate 25-50 [years'] incarceration on the charges of attempted murder, [aggravated] assault, burglary, criminal trespass, [PIC], and terroristic threats.

Appellant's Rule 1925(b) Statement, 2/18/15, at 1 (some internal capitalization omitted).

Now on appeal, Appellant raises one claim:

> Whether the trial court abused its discretion when it sentenced Appellant to an aggregate sentence of 25-50 years [of] incarceration?

Appellant's Brief at 4.

Appellant's claim on appeal is a challenge to the discretionary aspects of his sentence. "[S]entencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Moreover, pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42

- 4 -

Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007).

In the case at bar, Appellant filed a timely post-sentence motion and notice of appeal. Moreover, Appellant's brief contains "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." *See* Pa.R.A.P. 2119(f); *see also* Appellant's Brief at 7. However, the bald claim of excessiveness found in Appellant's post-sentence motion did not preserve **any** of the specific claims that are contained in Appellant's current Rule 2119(f) statement.[3] *See*

---

[3] Within Appellant's Rule 2119(f) statement, Appellant argued that the trial court abused its discretion because, at sentencing: "the [trial court] based its sentence on the fact that Appellant used a weapon, and his prior convictions, which squarely focuses on the serious and heinous nature of the crime without taking into account the other [42 Pa.C.S.A. §] 9721(b) factors;" the trial court "failed to give adequate consideration and weight to Appellant's mental health problems and potential for rehabilitation;" the trial court focused "nearly exclusively upon the need to punish and the harm caused to the victim[];" and, the trial court "failed to take adequate

*(Footnote Continued Next Page)*

- 5 -

Appellant's Brief at 7. As such, Appellant "did not give the sentencing judge an opportunity to reconsider or modify [Appellant's] sentence" on any of the bases that Appellant currently argues on appeal. *Commonwealth v. Reeves*, 778 A.2d 691, 692-693 (Pa. Super. 2001). Therefore, Appellant has not preserved any of the specific discretionary aspects of sentencing claims that are contained in his brief to this Court. Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"). The specific claims contained in Appellant's brief to this Court are thus waived.[4]

Judgment of sentence affirmed.

---

*(Footnote Continued)* ———————————————

consideration of [Appellant's] background, mental health condition, or his potential for rehabilitation." Appellant's Brief at 7.

[4] We also note that Appellant's Rule 1925(b) statement simply consisted of a boilerplate assertion that "[t]he trial court abused its discretion when it sentenced Appellant to [the specific] aggregate" term. Appellant's Rule 1925(b) Statement, 2/18/15, at 1. Thus, Appellant's discretionary aspects of sentencing claim is also waived under Rule 1925(b), as the Rule 1925(b) statement was "too vague to allow the [trial] court to identify the issues raised on appeal." Pa.R.A.P. 1925(b)(4)(vii); *see also Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa. Super. 2011) ("[a]n appellant's concise statement must properly specify the error to be addressed on appeal. In other words, the Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal. A concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all. The court's review and legal analysis can be fatally impaired when the court has to guess at the issues raised. Thus, if a concise statement is too vague, the court may find waiver") (internal quotations, citations, and corrections omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/12/2016