J-S51026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LUZ ENID APONTE, | |
| Appellant | No. 3409 EDA 2016 |

Appeal from the Judgment of Sentence September 19, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0001062-2016

BEFORE:  BOWES and SHOGAN, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:          **FILED SEPTEMBER 18, 2017**

Appellant, Luz Enid Aponte, appeals from the judgment of sentence entered on September 19, 2016, in the Monroe County Court of Common Pleas.  We affirm.

The trial court set forth the relevant facts and procedural history of this matter as follows:

> On April 8, 2016, Stroud Area Regional Police received a call from NYPANET.com, a business located in East Stroudsburg, regarding a theft.  Michael Jarvis, the business's accountant, reported that he noticed a check written to Appellant for $877.36 paid out from the general expense account rather than through payroll.  The check was signed using the signature "A. Rodriguez."  Appellant, who had worked at the business as [a] bookkeeper since May 2013, admitted to Jarvis that she issued the check to herself and forged Angela Rodriguez's signature.

---

[*]  Former Justice specially assigned to the Superior Court.

Jarvis subsequently looked into the business's account and saw that 83 checks were issued to Appellant over a three (3) year period from 2014 to 2016 totaling $46,310.92, none of which were authorized. Each check was signed using the signatures of either Fred Budetti, the owner, or Angela Rodriguez, an employee authorized to sign checks. Both Budetti and Rodriguez relayed to Jarvis that they did not the sign the checks and their signatures were forged. After further investigation, Jarvis learned that Appellant would issue checks to herself and change the check images in the computer system so it appeared as if the check had been paid to one of their vendors/payees.

Appellant was charged by Criminal Information with two counts of Forgery - Unauthorized Act in Writings[1], three counts of Theft by Unlawful Taking - Movable Property[2], and one count of Tamper with/Fabricate Physical Evidence[3]. On June 22, 2016, Appellant pled guilty to one count each of Forgery - Unauthorized Act in Writing, a felony of the second degree, Theft by Unlawful Taking - Movable Property, a felony of the third degree, and Tamper with/Fabricate Physical Evidence, a misdemeanor of the second degree.

[1] 18 Pa.C.S.A. § 4101(a)(2)
[2] 18 Pa.C.S.A. § 3921(a)
[3] 18 Pa.C.S.A. § 4910 (1)

On September 19, 2016, at Appellant's sentencing hearing, we heard a statement from Appellant and oral argument from both defense counsel[4] and counsel for the Commonwealth. Additionally, prior to sentencing, we read the presentence investigation report ("PSI") prepared by the Adult Probation Office. After carefully considering Appellant's statement and arguments of counsel, as well as the PSI, we sentenced Appellant to incarceration in a state correctional institution for a total aggregate sentence of not less than 35 months nor more than 72 months. Because Appellant was RRRI eligible, her alternate minimum sentence was 26 months and 7 days. We imposed consecutive sentences on each count, all within the aggravated range and within the statutory limits.

[4] At sentencing, the Monroe County Public Defender's Office represented Appellant.

Appellant, through the Monroe County Public Defender's Office, filed a Motion to Reconsider Sentence on September 26, 2016, claiming that Appellant believes the sentence is excessive. We denied Appellant's Motion without a hearing on September 26, 2016.[5] On October 25, 2016, Jeffrey G. Velander, Esq. entered his appearance on behalf of Appellant. On October 26, 2016, Attorney Velander filed a Notice of Appeal to the Pennsylvania Superior Court, citing our September 19, 2016 sentencing Order as the matter to be appealed. We ordered a Concise Statement to be filed within 21 days, which was timely received. Also on October 26, Attorney Velander filed [a] Motion for Leave to File an Amended Post-Sentence Motion, as well an Amended Post-Sentence Motion. We denied both without a hearing.[6]

[5] The trial court has discretion in determining whether a hearing is required. Pa.R.Crim.P. 720 (B)(2)(b).

[6] Appellant subsequently filed a second Notice of Appeal on November 21, 2016, in which she appeals this Court's denial of her Motion for Leave to File an Amended Post-Sentence Motion and Amended Post-Sentence Motion. That appeal is docketed at 3680 EDA 2016 and this Court's 1925(a) Statement on those issues is due by January 27, 2016. We will address those issues in a subsequent 1925(a) Statement.

Trial Court Opinion, 12/21/16, at 1-3.

As noted, Appellant filed a timely post-sentence motion for reconsideration of her sentence on September 26, 2016, claiming only that the sentence was excessive. *See* Pa.R.Crim.P. 720(A)(1) (stating that a written post-sentence motion shall be filed no later than ten days after imposition of sentence). The trial court denied Appellant's post-sentence motion that same day. Thus, Appellant had until October 26, 2016, in which to file a timely appeal to this Court. Pa.R.Crim.P. 720(A)(2)(a). At

11:51 A.M., on October 26, 2016, Appellant filed a motion for leave to file an amended post-sentence motion and an amended post-sentence motion, seeking to amend the original post-sentence motion to include specific reasons for appealing the discretionary aspects of her sentence. However, at 3:09 P.M. that same day, Appellant also filed a timely notice of appeal from the judgment of sentence. The filing of that appeal, which is presently before this Court, divested the trial court of jurisdiction to consider the October 26, 2016 motions.[1] *See Commonwealth v. Pearson*, 685 A.2d 551, 556-557 (Pa. Super. 1996) (pursuant to Pa.R.A.P. 1701(a), once a notice of appeal is filed, the trial court is divested of jurisdiction to act further in the matter); *see also Commonwealth v. Melvin*, 103 A.3d 1, 58 (Pa. Super. 2014) (once an appeal is filed, the trial court has no jurisdiction to modify its sentence) (citations omitted).

On October 27, 2016, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days. Therefore, Appellant's Pa.R.A.P. 1925(b) statement was due on or before Thursday, November 17, 2016. Appellant did not file her Pa.R.A.P. 1925(b) statement until November 21, 2016. It appears the

---

[1] In its opinion, the trial court points out that it denied Appellant's October 26, 2016 motion for leave to file an amended post-sentence motion and amended post-sentence motion and that Appellant filed an appeal from the order denying those motions. Trial Court Opinion, 12/21/16, at 3. That appeal, docketed at 3680 EDA 2016, was dismissed on May 3, 2017, due to Appellant's failure to file a brief.

trial court overlooked the lateness of Appellant's filing, and it issued an opinion pursuant to Pa.R.A.P. 1925(a) on December 21, 2016.

On appeal, Appellant presents the following issues for this Court's consideration:

> 1. Did the Post Sentence Motion filed by the Public Defender's Office of Monroe County citing an "excessive" sentence, coupled with the rejected Amended Post Sentence Motion, Nunc Pro Tunc, create a claim sufficient for this Court to consider the discretionary aspects of Appellant's sentence?
>
> 2. Did the Honorable Trial Court abuse its discretion in sentencing Appellant to serve three consecutive terms of imprisonment at the highest aggravated range of the Sentencing Guidelines where the reasons cited by the Court were that she had been convicted of embezzlement-related offenses in New York State and Pennsylvania on two prior occasions, a fact which is taken into account by the Guidelines in assessing a prior record score?

Appellant's Brief at 6.

Underlying both issues is a challenge to the discretionary aspects of Appellant's sentence. More specifically, Appellant challenges the imposition of aggravated range sentences based on her prior convictions in both her rejected amended post-sentence motion and her second issue, *supra*.

It is well settled that there is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id**. at 170.

With respect to the four-part test, we conclude that Appellant satisfied the first and third prongs in that she filed a timely notice of appeal and included a Pa.R.A.P. 2119(f) statement in her brief. However, Appellant's first issue on appeal relates to the preservation of her challenge to the discretionary aspects of her sentence, specifically, the second prong of the test set forth in **Moury**. In her brief on appeal, Appellant concedes that her specific challenge was not included in the boilerplate post-sentence motion filed by prior counsel on September 26, 2016, and that this failure could result in dismissal of the appeal. Appellant's Brief at 17, 19.

After review, we conclude that Appellant's prior counsel's failure to include Appellant's challenge in her post-sentence motion is fatal to the appeal because the omission of this specific claim results in waiver. **See**

*Commonwealth v. Reeves*, 778 A.2d 691, 692-693 (Pa. Super. 2001) (by failing to raise the specific claim that the trial court failed to state reasons for sentence on the record in post-sentence motion, the trial court was deprived of opportunity to consider the claim; thus, the claim was waived on appeal). Additionally, we note that while the trial court addressed Appellant's issue in its opinion, we are not permitted to overlook Appellant's failure to properly preserve this issue. *See Commonwealth v. Tejada*, 107 A.3d 788, 799 (Pa. Super. 2015) (holding, *inter alia*, that where a challenge to the discretionary aspects of a sentence is not raised in a timely post-sentence motion, that issue is waived; the fact that the trial court addressed the issue in its Pa.R.A.P. 1925(a) opinion does not preserve the issue); *see also Commonwealth v. Schrader*, 141 A.3d 558, 564 (Pa. Super. 2016) (holding that despite the trial court addressing the appellant's challenge to the discretionary aspects of his sentence in its Pa.R.A.P. 1925(a) opinion, the appellant's challenge was waived for failing to properly raise it before the trial court).

For the reasons set forth above, we conclude that Appellant has waived her challenge to the discretionary aspects of her sentence. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

P.J.E. Stevens joins the Memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/2017