J-S79037-18
J-S79038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMIAH MICHAEL MECKLEY, | : | |
| | : | |
| Appellant | : | No. 764 MDA 2018 |

Appeal from the Judgment of Sentence Entered April 20, 2018
in the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-CR-0000654-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMIAH MICHAEL MECKLEY, | : | |
| | : | No. 765 MDA 2018 |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered April 20, 2018
in the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-CR-0000255-2015

BEFORE:  SHOGAN, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED FEBRUARY 28, 2019**

Jeremiah Michael Meckley ("Meckley") appeals from the judgment of sentence imposed following his expulsion from the State Intermediate Punishment Program ("SIPP").  We vacate and remand for resentencing.

On October 22, 2014, Meckley entered an open guilty plea, at Lycoming County case number 654-2014 ("654-2014"), to one count of possession of a

controlled substance, and two counts of theft by unlawful taking.[1] For his two convictions of theft by unlawful taking, Meckley was sentenced to an aggregate sentence of 36 months in the county Intermediate Punishment Program. Importantly to this appeal, for his conviction of possession of a controlled substance, Meckley was sentenced to pay a fine in the amount of fifty dollars.

On March 18, 2015, Meckley entered an open guilty plea to burglary at Lycoming County case number 255-2015 ("255-2015"), and was sentenced to twelve months of probation, to be served consecutively to the sentence imposed at 654-2014.

On July 27, 2016, the trial court found Meckley to be in violation of the conditions of his probation at 255-2015 and the county Intermediate Punishment Program at 654-2014. Meckley was resentenced at 255-2015 and 654-2014 to complete the SIPP. Notably, the SIPP sentence included Meckley's conviction for possession of a controlled substance.

On April 30, 2018, Meckley was expelled from the SIPP and resentenced to an aggregate term of five to eleven years in prison. The aggregate sentence included a term of six months to one year in prison for the possession of a controlled substance conviction. Meckley filed a post-sentence Motion, which the trial court denied. Meckley filed a timely Notice of Appeal and a court-

---

[1] *See* 35 P.S. § 780-113(a)(16); 18 Pa.C.S.A. § 3921.

ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.[2]

On appeal, Meckley raises the following questions for our review:

I. Did the Court abuse its discretion when imposing consecutive []sentences totaling five to eleven years [in prison]?

II. Did the Court err by imposing an illegal sentence [at] 654-2014?

Brief for Appellant at 4 (claims renumbered).

In his first claim, Meckley challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

[this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

* * *

Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

*Moury*, 992 A.2d at 170 (quotation marks and some citations omitted).

---

[2] We note that Meckley filed two Notices of Appeal, one at each of the trial court docket numbers. Because the claims are related, we address both herein.

Here, Meckley failed to preserve his discretionary sentencing claim with a specific and particular claim for relief in his post-sentence Motion. *See Commonwealth v. Reeves*, 778 A.2d 691, 692-93 (Pa. Super. 2001) (stating that a failure to state the specific reason for a requested modification of sentence in a post-sentence motion "[denies] the sentencing judge an opportunity to reconsider or modify [the defendant's] sentence on this basis, and therefore, the claim is waived."); *see also* Pa.R.Crim.P. 720 (stating that post-sentence motions "shall be stated with specificity and particularity."). Thus, Meckley's discretionary sentencing claim is waived. *See Reeves*, *supra*; *Moury*, *supra*.

In his second claim, Meckley alleges that the trial court imposed an illegal sentence by resentencing him to a prison sentence for his conviction of possession of a controlled substance. Brief for Appellant at 8. Meckley points out that his original sentence on the possession charge was a fifty dollar fine. *Id.* Meckley argues that because the possession charge was not included in the 2014 sentence for county Intermediate Punishment, it should not have been included in his 2016 and 2018 resentencings. *Id.* We agree.

> [T]he constitutional prohibition against "double jeopardy" was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense...." *United States v. DiFrancesco*, 449 U.S. 117, 127 (1980). The [Supreme] Court has also indicated that there are three separate constitutional protections encompassed in the guarantee against double jeopardy: protection against a second prosecution for the same offense after acquittal; protection against a second prosecution for the same offense after conviction; and protection against multiple punishments for the

> same offense. *Schiro v. Farley*, 510 U.S. 222, 229 (1994); *DiFrancesco*, *supra* at 129. "These protections stem from the underlying premise that a defendant should not be twice tried or punished for the same offense." *Schiro*, *supra*.

*Commonwealth v. Spotz*, 18 A.3d 244, 261-62 (Pa. 2011) (some citations omitted).

Here, the record reflects that Meckley's 2014 sentence for the possession conviction was a fifty dollar fine. Unlike sentences for intermediate punishment, which can be modified or revoked, a fine is a final sentence. *See* 42 Pa.C.S.A. § 9773 (stating that "[t]he court may at any time terminate a sentence of county intermediate punishment"); 42 Pa.C.S.A. § 9774 (stating that "[t]he court may at any time terminate a sentence of State intermediate punishment"); *see also* 42 Pa.C.S.A. § 9726 (stating that "[t]he court may … sentence the defendant only to pay a fine, when … it is of the opinion that the fine alone suffices."). The trial court's inclusion of the possession conviction in Meckley's 2016 and 2018 resentencings violates Meckley's constitutional right not to be subject to double jeopardy. *See Spotz*, *supra*. Because Meckley's sentence for possession was one count in a multi-count case, we vacate Meckley's judgment of sentence on all counts, and remand for resentencing consistent with this Memorandum. *See Commonwealth v. Bartrug*, 732 A.2d 1287, 1298 (Pa. Super. 1999) (stating that "if a trial court errs in its sentence on one count in a multi-count case, then all sentences for all counts will be vacated so that the court can restructure its entire sentencing scheme.").

Judgment of sentence vacated. Case remanded for resentencing consistent with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/28/2019