J-S56008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

v.

DARRYL D. BROWN

Appellant

:
:
:
:
:
:
:
:
:
:
:

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 2444 EDA 2018

Appeal from the Judgment of Sentence Entered April 9, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0014153-2014

BEFORE:  PANELLA, P.J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.:              **FILED JANUARY 22, 2020**

Darryl D. Brown appeals[1] from the judgment of sentence entered in the Philadelphia County Court of Common Pleas on April 9, 2018 after he was found guilty of involuntary deviate sexual intercourse ("IDSI") and other offenses related to his sexual assault of an autistic women. As we find both of his issues on appeal are waived, we affirm the judgment of sentence.

---

[1] On August 27, 2018, our Prothonotary received a counseled notice of appeal time stamped August 16, 2018, from the Philadelphia Office of Judicial Records. However, we note there is no indication in the trial court docket that this appeal was filed and we were unable to locate the notice of appeal in the certified record. Additionally, we were unable to locate an order denying the post-sentence motion by operation of law in the certified record. Nevertheless, we proceed to review this appeal as we conclude that under these particular circumstances, the absence of these documents in the record constitutes a breakdown in judicial operations. The trial court docket indicates the post-sentence motion was denied by operation of law on August 10, 2018. Further, neither party disputes the denial or disputes the filing of this appeal.

In light of our disposition, a complete recitation of the factual history is unnecessary. Relevant for our purposes, on June 15, 2017, a jury found Brown guilty of IDSI with a person with a mental disability, sexual assault, and indecent assault with a person with a mental disability.

Prior to sentencing, and while still represented by trial counsel, Attorney Bruce Wolf, Brown filed numerous *pro se* motions from June 2017 through September 2017. On September 25, 2017, after an oral motion, Attorney Wolf was permitted to withdraw. Attorney Susie Buck was subsequently appointed to represent Brown.

On April 9, 2018, a hearing was held for sentencing. The court sentenced Brown to ten to twenty years' incarceration for the IDSI charge. This sentence was in the aggravated range of the guidelines. The charge of sexual assault merged with the IDSI charge, and he received no further penalty for the indecent assault charge. Because of his convictions, Brown was required to register as a sex offender for life.

On April 13, 2018, Attorney Buck filed a timely post-sentence motion, including challenges to the sufficiency and weight of the evidence and a general contention that Brown's sentence was grossly excessive, without further explanation.

In May of 2018, although still represented by Attorney Buck, Brown filed a *pro se* notice of appeal to this Court.[2] On July 25, 2018, this Court quashed the appeal as interlocutory, finding no final order had been entered regarding Brown's post-sentence motion. At the same time, this Court dismissed as moot a motion to withdraw as counsel filed by Attorney Buck with this Court, and a motion to discontinue appeal without prejudice.

On July 31, 2018, the trial court permitted Attorney Buck to withdraw, and appointed Attorney John Cotter to represent Brown. The post-sentence motion was subsequently denied by operation of law. Attorney Cotter thereafter filed a notice of appeal.

The trial court then issued a new 1925(b) order to Attorney Cotter. In the 1925(b) statement filed by Attorney Cotter, Brown contended (1) his designation as a sexually violent predator, requiring life time reporting to the state police, was illegal and unconstitutional; (2) that the prosecutor committed prosecutorial misconduct by attacking the credibility of a defense character witness; (3) that the sentence imposed was excessive and unreasonable in light of Brown's age, background, and lack of any criminal convictions; (4) that the guilty verdicts were against the weight of the

---

[2] On July 11, 2018, the trial court issued an order to Attorney Buck, to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). In response to Attorney Buck filing a petition to withdraw to this Court, the trial court subsequently vacated this order, stating it would issue another order upon appointment of new counsel.

evidence; and (5) that the evidence did not prove the *mens rea* required for the IDSI, sexual assault, and indecent assault charges.

On appeal, Brown raised two issues regarding the sentence imposed.

1. Was the sentence of the trial court of life time reporting to the state police under tier three of Megan's law illegal and unconstitutional because it violated the defendant's due process right, under the 5th Amendment of the [U.S.] Constitution and his right to reputation under the State Constitution?

2. Was the sentence imposed by the trial court manifestly unreasonable because the trial court imposed a sentence outside the sentence guidelines and considered only victim impact but not the defendant's entire record?

Appellant's Brief, at 6 (re-paginated for clarity).

Before reaching the underlying merits of Brown's first issue, we must address whether or not the issue has been preserved for our review. Brown did not raise this argument in his 1925(b) statement. Rather, in his concise statement he argued his designation as a "sexually violent predator"[3] was unconstitutional, without any explanation. Defendant's 1925(b) Statement, ¶ 1.

Brown categorizes this claim as a legality of sentence issue and therefore argues it is non-waivable. However, we find this issue is waived because Brown failed to raise it in his post-sentence motion, or otherwise before the trial court. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower

_____

[3] We note the trial court specifically found Brown was *not* a sexually violent predator.

- 4 -

court are waived and cannot be raised for the first time on appeal."); ***see also***

***Commonwealth v. Muniz***, 164 A.3d 1189, 1195 n.7 (Pa. 2017) (holding that

this Court correctly found claim that SORNA violated the reputation clause of

the Pennsylvania Constitution waived due to appellant's failure to preserve it

in his post-sentence motion).

In his second issue on appeal, Brown argues the trial court imposed a

manifestly unreasonable sentence by imposing a sentence outside the

guidelines and by considering only the impact on the victim. Brown concedes

his claim is a challenge to the discretionary aspects of sentencing. ***See***

Appellant's Brief, at 13 (arguing the sentence imposed constituted an abuse

of the court's discretion).

"A challenge to the discretionary aspects of a sentence must be

considered a petition for permission to appeal, as the right to pursue such a

claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa.

Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, although Brown filed a timely post-sentence motion to reconsider sentence and a timely appeal, we conclude he has failed to preserve his sentencing claims.

> Pa.R.A.P. 302 provides that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." As such, issues challenging the discretionary aspects of sentencing must be raised in a post-sentence motion or by raising the claim during sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of sentence is waived.

***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003) (citations omitted).

Here, Brown filed a post-sentence motion alleging simply that his sentence was "grossly excessive," without any further explanation. ***See*** Post-Sentence Motion For Reconsideration of Sentence, 4/13/2018, at ¶ 9. However, in his Rule 2119(f) statement, Brown, for the first time asserts multiple specific challenges to the trial court's discretion. He claims the sentence imposed was "unjust, improper, manifestly unreasonable, irrational and an abuse of discretion" because the trial court focused solely on the severity of the offense and impact on the victim and failed to consider his entire record, including his age, education and work history, prior record score, or efforts at rehabilitation. ***See*** Appellant's Brief, at 7 (re-paginated for clarity). He further claims the sentence imposed was not appropriate because

the trial court sentenced him outside of the guidelines and did not consider all of the factors required by 42 Pa.C.S.A. § 9721(b). ***See id.*** Specifically, he contends the trial court did not consider his age, family history, or rehabilitative needs. ***See id.***

Brown failed to raise any of these specific challenge to the trial court's discretion during the sentencing hearing or in his post-sentence motion. As such, he did not give the sentencing judge an opportunity to reconsider or modify his sentence based on those specific challenges, and, therefore, the claims are waived. ***See Commonwealth v. Reeves***, 778 A.2d 691, 692-693 (Pa. Super. 2001) (holding that appellant's failure to raise a specific claim regarding imposition of sentence in post-sentence motion deprived the trial court of the opportunity to consider the claim and therefore the claim was waived on appeal).

We note, even if not waived, Brown's claims lack merit. The court adequately considered all sentencing factors and explained on the record the reason for an aggravated sentence.

> I agree with the Commonwealth that this case cries out for an aggravated sentence. [Indeed,] the defendant is sitting here showing absolutely no remorse and still denying that he did anything to the victim, who as described in the Commonwealth's memo, [victim] is truly one of the most vulnerable members of society. She cannot speak for herself. Although, she's technically an adult, she functions like a five-year-old according to her teacher.
>
> She cannot speak. Does not communicate or sign in any meaningful way. Defendant was like a stepfather figure to her and took advantage of her. [He] knew [victim]'s limitations and preyed

on her and he picked [victim] as his victim because she was someone who would never tell because she couldn't tell what he was doing to her. Unfortunately, on the particular night in question here in 2014, I believe[,] … her younger sister… was at home and walked in on defendant committing the act of molesting [victim]. And then had the courage to tell what she saw and she came to the courtroom and told what she saw. The jury believed her and found the defendant guilty of the charges.

I have read the information provided by defense counsel on letters, handwritten letters of support. I've also reviewed the information from the prison indicating that defendant has participated in a program called Thinking for a Change while in jail. Also the certificate of completion of the reentry resource center from 2015, and also from 2015 homework sheets completed for the defendant in terms of problem solving and listening.

So I'm going to sentence defendant to 10 to 20 years in state prison. The aggravating reason I've already given, including the victim impact statements from the child, [ ], and her mother indicating what the impact has been on the family because of this.

N.T., Sentencing Hearing, 4/9/2018, at 26-28. Further, after Brown expressed confusion with the sentence, the trial judge gave additional clarification regarding the reasoning for an aggravated sentence.

[BROWN]: What I'm trying to find out how did I get such a hard sentence when I clearly had ineffective counsel? He didn't resign. I asked to have him removed. I sent you a package a while ago.

THE COURT: You have a new lawyer sitting here, sir. So upon your request for new counsel, I gave you new counsel.

The fact of the matter is, sir, [victim's sister] walked in and caught you doing what you shouldn't have been doing. Sticking your penis in the mouth of her mentally challenged sister. That's what happened. You're denying it and you continue to deny it, but [victim's sister] caught you. She saw it. She had the courage to come to court and tell what she saw.

That's what the jury found you guilty of and that's what I sentenced you on. Involuntary deviate sexual intercourse with a mentally challenged person.

***Id.***, at 29-30.

Finally, the trial court reviewed a pre-sentence report. Where the trial court had the benefit of reviewing a pre-sentence report, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

***Commonwealth v. Hallock***, 603 A.2d 612, 616 (Pa. Super. 1992).

Despite Brown's arguments to the contrary, the trial court properly considered all factors necessary in imposing the sentence of ten to twenty years' incarceration. The trial court had the benefit of a pre-sentence report, combined with the trial court's explicit consideration of the witness testimony, the sentencing guidelines, the seriousness of the offense, and evidence as to Brown's character, and concluded that an aggravated sentence was

J-S56008-19

appropriate. Accordingly, Brown's claim lacks merit even if it had been properly preserved.

As we find neither of Brown's issues on appeal merit relief, we affirm the judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judge Nichols joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/20

- 10 -