J-S69029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                         :  PENNSYLVANIA
                                                          :

           v.                                  :

JOHN NEWKIRK CRAWFORD        :
                                                         :

          Appellant           :  No. 649 MDA 2018

Appeal from the Judgment of Sentence Entered March 27, 2018
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0000719-2017

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.:         **FILED DECEMBER 13, 2018**

      John Newkirk Crawford appeals from the judgment of sentence, entered in the Court of Common Pleas of Lackawanna County, following his convictions for possession of a controlled substance,[1] possession of drug paraphernalia,[2] and tampering with physical evidence.[3]  After our review, we affirm.

      On March 13, 2017, police attempted to stop a Chevrolet sedan after it failed to heed a stop sign.  The pursuit escalated into a chase.  During the chase, the sedan turned down a narrow, one-lane roadway where the arresting officer observed an unknown individual discard a black plastic bag out of the front passenger window in close proximity to the door.  Based on

---

[1] 35 P.S. § 780-113 (a)(16).

[2] 35 P.S. § 780-113 (a)(32).

[3] 18 Pa.C.S.A. § 4910(1).

the officer's experience dealing with discarded contraband, and because of the difficulty involved in driving down a narrow alleyway, he concluded that the bag could only have been discarded by the passenger and not the driver. The bag was tossed from the window in such a fashion that the arresting officer didn't think "there would be any way to really discard that bag out of that car without me seeing it." N.T. Trial, 12/6/2017, 23–24. The sedan ultimately came to a stop, and the officer arrested Crawford, who was sitting in the passenger seat. Later, other officers recovered the discarded black plastic bag, which contained 47 glassine packets of suspected heroin. Testing by the State Police Crime Lab revealed the presence of Fentanyl.

Following a trial, presided over by the Honorable Michael J. Barrasse, the jury found Crawford guilty of possession of a controlled substance, possession of drug paraphernalia, and tampering with physical evidence. Crawford filed a motion for reconsideration, stating "the sentence imposed is harsh and extreme." Motion for Reconsideration, 3/27/18, at 2. After this motion was denied, Crawford filed a timely Pa.R.A.P 1925(b) concise statement of matters complained on appeal on May 4, 2018, challenging, *inter alia*, "[w]hether the verdicts on possession with intent to deliver, delivery of a controlled substance, and possession of a controlled substance-cocaine charges were supported by sufficient evidence?" Pa.R.A.P. 1925(b) Statement, 5/14/18. Notably, Crawford was not convicted of any of these crimes. The court's June 15, 2018 Rule 1925(a) opinion affirmed Crawford's judgment of sentence, specifically addressing the sufficiency of the evidence

supporting the *correct* crimes for which Crawford was convicted. Crawford filed an amended Rule 1925(b) on August 30, 2018, listing the correct convictions. This appeal followed.

On appeal, Crawford challenges whether the three verdicts were supported by sufficient evidence, whether the trial court imposed an unreasonable and excessive sentence, and whether the trial court failed to state on the record the reasons for each sentence.

The Commonwealth asserts Crawford failed to preserve his challenges to the sufficiency of evidence underpinning his convictions as well as the trial court's failure to articulate the reasoning behind Crawford's sentences, but concedes that Crawford preserved his challenge to the reasonableness of his sentence. Upon review, we agree.

"'[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived.'" ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) (quoting ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998)). When challenging the sufficiency of the evidence, this bright-line rule exists as a mandate to state "the element or elements upon which the appellant alleges [] the evidence was insufficient." ***Commonwealth v. Stiles,*** 143 A.3d 968, 982 (Pa. Super. 2016) (citing ***Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa. Super. 2013)). The need for specificity is heightened where "'the appellant

was convicted of multiple crimes, each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.'" **Garland, supra** (quoting **Commonwealth v. Gibbs**, 981 A.2d 274, 281 (Pa. Super. 2009)). This Court is barred from reviewing issues that were not raised in a Rule 1925(b) statement *even if* the trial court correctly assessed and addressed those same issues in its Pa.R.A.P. 1925(a) opinion. **See Castillo**, 888 A.2d at 398–99, 403; **see also Commonwealth v. Dowling**, 778 A.2d 683, 686 (Pa. Super. 2001) ("When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review"). Should the need arise, Rule 1925(b)(2) allows appellants to amend or supplement their statements—however, the court may only allow such filings for good cause shown. **Commonwealth v. Woods**, 909 A.2d 372, 378 (Pa. Super. 2006).

On May 4, 2018, Crawford's attorney filed a Rule 1925(b) statement challenging the sufficiency of the evidence, however, it not only failed to include any of the elements Crawford wished to challenge, it failed to mention *any of the crimes* for which Crawford was convicted. This mandates waiver of his sufficiency claims. **Stiles**, 143 A.3d at 982. In its June 15, 2018 Rule 1925(a) opinion, the trial court correctly assumed that Crawford intended to challenge the sufficiency of the crimes he was convicted of and addressed those issues on the merits. This, however, cannot remedy the initial failure to file an adequate Rule 1925(b) statement. **Castillo,** 888 A.2d at 398–99, 403; **Dowling**, 778 A.2d at 686. Moreover, Crawford's amended Rule 1925(b) statement cannot preserve his sufficiency claims, as he not only filed

in an untimely fashion, he neither attempted to show good cause to amend, *see Woods*, 909 A.2d at 378, nor specified the elements he intended to challenge, *see Stiles*, 143 A.3d at 982.

Crawford also raises two challenges to the discretionary aspects of his sentence—namely, whether the court imposed "unreasonable and excessive sentences" and whether the court failed to state "reasons for the sentences" on the record. Appellant's Brief, at 4. We note that discretionary aspect of sentencing challenges must be raised in a post-sentence motion during the sentencing proceedings. *Commonwealth v. Reeves*, 778 A.2d 691, 692 (Pa. Super. 2001).

Crawford preserved his claim regarding unreasonable and excessive sentencing in his post sentence motion. Pa.R.Crim.P. 720. However, his assertion that the trial court failed "to state on the record reasons for the sentences" first appears in his Rule 1925(b) statement. This claim, therefore, is waived.[4] *Miklos*, 159 A.3d at 970. Thus, Crawford has preserved one issue for our consideration: "Whether the trial court imposed harsh, unreasonable and excessive sentences?" Appellant's Brief at 4.

---

[4] We note that Crawford has waived all of his claims save one. Such failure approaches the limits of *per se* ineffective assistance of counsel. *Commonwealth v. Halley*, 870 A.2d 795, 801 (Pa. 2005). However, absent special circumstances not present here, ineffective assistance of counsel claims must be deferred to PCRA review. *Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013); *see also Commonwealth v. Bomar*, 826 A.2d 831, 855–56 (Pa. 2003) (finding exception where trial court has developed claim of ineffectiveness below by having trial counsel testify in post-trial motions).

There is not an absolute right to appellate review of discretionary aspects of a sentence—it must be considered a petition for permission to appeal. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014). An appellant must satisfy the following four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted).

Crawford raised his claim in a timely motion to reconsider sentence and also filed a timely notice of appeal. He has also included a separate Pa.R.A.P 2119(f) statement in his brief. Lastly, this Court must assess whether Crawford raised a substantial question to invoke our review. We conclude he has not.

A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations omitted).

This Court "cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa. Super. 2013) (citation omitted). A claimant can raise a substantial question by alleging a standard-range sentence is excessive, however this Court is not required to "accept bald allegations of excessiveness." *Commonwealth v. Mouzon*, 812 A.2d 617, 627–28 (Pa. 2002). When appellants allege a standard-range sentence is excessive, he or she must point to "the specific provision of the Sentencing Code or the fundamental norm underlying the sentencing process that the trial court violated in imposing the sentence" in order to raise a substantial question. *Commonwealth v. Trippett*, 932 A.3d 188, 202 (Pa. Super. 2007); *see also Commonwealth v. Reynolds*, 835 A.2d 720, 732–33 (Pa. Super. 2003).

Crawford's Rule 2119(f) statement regarding the excessiveness of his sentence is limited to the assertion that "none of the facts surrounding the commission of the crimes necessitated such harsh sentences that fell in the high end of the standard sentence ranges." Brief of Appellant, 9. This assertion of excessiveness fails to point to a portion of the Sentencing Code or a fundamental norm underlying the sentencing process, and as such, fails to raise a substantial question necessary to permit discretionary review. *See*

***Commonwealth v. Bromley***, 862 A.2d 598, 604 (Pa. Super. 2004) (defendant did not raise substantial question by merely asserting sentence was excessive when he failed to refer to any section of Sentencing Code potentially violated by sentence).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2018