**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTOINE MOON | : | |
| | : | |
| Appellant | : | No. 1928 MDA 2019 |

Appeal from the Judgment of Sentence Entered November 7, 2019
In the Court of Common Pleas of Huntingdon County
Criminal Division at No(s): CP-31-CR-0000127-2019

BEFORE: PANELLA, P.J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.: **FILED: APRIL 27, 2020**

Antoine Moon appeals from the judgment of sentence entered in the Huntingdon County Court of Common Pleas on November 7, 2019. Moon raises a challenge to the discretionary aspects of his sentence. We affirm.

In light of our disposition, a complete recitation of the factual and procedural history is unnecessary. Relevant for our purposes, on September 27, 2019, the trial court, sitting as fact-finder, found Moon, an inmate at SCI-Huntingdon, guilty of two counts of aggravated assault and two counts of simple assault stemming from an incident in which he severely injured two corrections officers. On November 7, 2019, the trial court imposed an aggregate sentence of nine to twenty years' incarceration.

On November 25, 2019, Moon filed a post sentence motion to modify sentence. The court subsequently denied the motion.

In his sole issue on appeal, Moon raises a challenge to the discretionary aspects of his sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

"To preserve issues concerning the discretionary aspects of sentencing, a defendant must raise them during sentencing or in a timely post-sentence motion." *Commonwealth v. Feucht*, 955 A.2d 377, 383 (Pa. Super. 2008) (citations omitted). Moon did not raise any challenges to the discretionary aspects of his sentence at his sentencing hearing. While he did file a post-sentence motion, it was untimely. *See* Pa.R.Crim.P. 720(A)(1) ("[A] written post-sentence motion shall be filed no later than 10 days after imposition of sentence.") "An untimely post-sentence motion does not preserve issues on appeal." *Commonwealth v. Wrecks*, 931 A.2d 717, 719-720 (Pa. Super. 2007) (citation omitted). Moon has therefore waived his challenges to the discretionary aspects of sentencing.[1]

_____

[1] We acknowledge that Moon requested the trial court to consider his post-sentence motion as timely, as he argued defense counsel was the cause of the delay in filing. *See* Post-Sentence Motion, 11/25/2019, at ¶ 6. However, the trial court must expressly permit the filing of a post-sentence motion *nunc pro tunc* within 30 days of the imposition of sentence. *See Commonwealth v. Capaldi*, 112 A.3d 1242, 1244 (Pa. Super. 2015). Further, "[t]he trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief." *Id*. (citation omitted). Here, although Moon requested the trial court accept his post-

Even if Moon's post-sentence motion were timely filed, we find he has nevertheless failed to preserve his sentencing claims.

> Pa.R.A.P. 302 provides that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." As such, issues challenging the discretionary aspects of sentencing must be raised in a post-sentence motion or by raising the claim during sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of sentence is waived.

*Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003) (citation omitted).

Here, Moon filed a post-sentence motion alleging that his sentence is "manifestly excessive, and ignores the Defendant's acceptance of responsibility for his actions and stated remorse" and stating generally that "[c]onsidering the circumstances, a lesser sentence is appropriate." Post-Sentence Motion, 11/25/2019, at ¶ 4-5. However, in his Rule 2119(f) statement, Moon argues for the first time that given his acceptance of responsibility "the trial court was required to at least articulate its reasoning for failing to impose a sentence within the presumptive range." Appellant's Brief, at 6.

Moon failed to raise this specific challenge to the trial court's discretion during the sentencing hearing or in his post-sentence motion. As such, he did not give the sentencing judge an opportunity to reconsider or modify his

---

sentence motion as timely, the court did not expressly grant *nunc pro tunc* relief. Therefore, his post-sentence motion remains untimely.

sentence based on those specific challenges, and, therefore, the claims are waived. **See Commonwealth v. Reeves**, 778 A.2d 691, 692-693 (Pa. Super. 2001) (by failing to raise a specific claim regarding imposition of sentence in post-sentence motion, the trial court was deprived of opportunity to consider the claim and thus the claim was waived on appeal).

As we find Moon has failed to preserve his sole issue on appeal, we affirm the judgment of sentence.[2]

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/27/2020

_____

[2] We note, even if not waived, Moon's claims lack merit. Despite Moon's arguments to the contrary, the trial court properly considered all factors necessary in imposing the sentence. N.T., Sentencing Hearing, 11/7/2019, at 7-8. As the trial court made its decision after hearing argument from both sides, combined with the trial court's explicit consideration of Moon's institutional file and the sentencing guidelines, we conclude that it considered all relevant sentencing factors and offered adequate reasons on the record for the sentence imposed. The court clearly disagreed with Moon's contention that Moon had fully accepted responsibility for his assaults. This finding is amply supported by the transcript. **See id**. at 4-5.