J-S35041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BRUCE KENNETH WOODS | : | |
| | : | |
| Appellant | : | No. 792 MDA 2021 |

Appeal from the Judgment of Sentence Entered September 10, 2020
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  CP-31-CR-0000454-2019

BEFORE:  OLSON, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:　　　　　　**FILED DECEMBER 13, 2021**

Bruce Kenneth Woods (Woods) appeals *nunc pro tunc* from the judgment of sentence imposed in the Court of Common Pleas of Huntingdon County (trial court) following his guilty plea to possession of contraband by an inmate, 18 Pa.C.S. § 5123(a.2), a second-degree felony.  He challenges the discretionary aspects of sentence.  We affirm.

The following background facts and procedural history from our independent review of the record and the trial court's August 4, 2021 opinion are not in dispute.

_____

[*] Retired Senior Judge assigned to the Superior Court.

**I.**

Woods is an inmate at SCI-Smithfield where he is serving a sentence of not less than 25 nor more than 50 years' incarceration pursuant to his negotiated guilty plea to third-degree murder, robbery and solicitation to commit perjury. On December 16, 2018, Woods met with a female visitor and surveilling law enforcement officers observed the woman hand Woods three balloons containing suspected controlled substances. Woods swallowed the balloons and defecated them days later. Forensic testing confirmed that the balloons contained heroin and buprenorphine, a Schedule I and Schedule II substance, respectively.

On September 10, 2020, Woods pleaded guilty to possession of a controlled substance by an inmate. Prior to Woods entering the plea, the prosecutor stated on the record that he was offering a sentence of not less than 18 nor more than 36 months' imprisonment. During his colloquy, Woods stated that he accepted the sentencing offer. The trial court sentenced Woods pursuant to the agreement, consecutive to any sentences he already was serving. Woods did not raise any objections to the sentence at that time.

On September 21, 2020, Woods filed a timely post-sentence motion to withdraw the plea on the sole basis that he was no longer interested in it and that he instead wanted to go to trial. He did not challenge the discretionary aspects of his sentence. The court denied the motion on November 20, 2020.

On June 11, 2021, Woods filed a motion to appeal *nunc pro tunc* that the trial court granted on June 14, 2021. That same day, Woods filed his notice of appeal. He filed a timely statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b).

## II.

Woods raises one issue for our review which concerns the discretionary aspects of his sentence.[1] He states the issue as: "Is the sentence imposed on [him] manifestly excessive, given the lack of harm caused to any other person and his acceptance of responsibility and rehabilitative needs?" (Woods' Brief, at 4). However, as observed by both the trial court and the

---

[1] *See Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (claim that court did not consider mitigating circumstances and all sentencing factors raises discretionary aspects of sentence claim); *Commonwealth v. Lutes*, 793 A.2d 949, 964 (Pa. Super. 2002) (claim that sentence is manifestly excessive challenges discretionary aspects of sentencing). It is well-settled that "[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted). Rather, before reaching the merits of such claims, we must determine: (1) whether the appeal is timely; (2) whether appellant preserved his issue; (3) whether appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. *Commonwealth v. Edwards*, 71 A.3d 323, 329-330 (Pa. Super. 2013), *appeal denied*, 71 A.3d 323 (Pa. 2013) (citation omitted). "To preserve issues concerning the discretionary aspects of sentencing, a defendant must raise them during sentencing or in a timely post-sentence motion." *Commonwealth v. Feucht*, 955 A.2d 377, 383 (Pa. Super. 2008), *appeal denied*, 963 A.2d 467 (Pa. 2008) (citations omitted).

Commonwealth, he failed to preserve his issue in the trial court by raising the discretionary aspects of sentence issue either at sentencing or in his post-sentence motion, thus denying the trial court the opportunity to reconsider or modify his sentence. (**See** Trial Court Opinion, at 2); (Commonwealth's Brief, at 8-9). Hence, the claim is waived. **See Commonwealth v. Griffiths**, 65 A.3d 932, 936 (Pa. Super. 2013), *appeal denied*, 76 A.3d 538 (Pa. 2013) (discretionary aspects of sentence claim waived where appellant fails to raise claim during sentencing proceedings or in post-sentence motion); **Commonwealth v. Reeves**, 778 A.2d 691, 692-93 (Pa. Super. 2001) (failure to raise specific claim regarding imposition of sentence in post-sentence motion deprived trial court opportunity to consider it and, thus, claim waived on appeal).

Moreover, even if he had not waived the issue, Woods would be due no relief, even though he raises a substantial question. **See Commonwealth v. Derrickson**, 242 A.3d 667, 680 (Pa. Super. 2020), *appeal denied*, 253 A.3d 213 (Pa. 2020) ("claim that the trial court failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of Appellant, as 42 Pa.C.S.A. § 9721(b) requires, presents a substantial question for our review.") (citation, brackets and internal quotation marks omitted).[2]

---

[2] Our standard of review of this matter is well-settled:
*(Footnote Continued Next Page)*

- 4 -

Woods argues that although he was sentenced pursuant to a plea agreement, the trial court was not required to accept and impose the manifestly excessive sentence. (*See* Woods' Brief, at 6). He maintains that he thought he was entering an open plea and that the court would consider that the sentencing factors do not support the agreed-upon term. (*See id.* at 7-10).

> Traditionally, the trial court is afforded broad discretion in sentencing criminal defendants because of the perception that the trial court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Under Pennsylvania's Sentencing Code, 42 Pa.C.S. § 9701 *et seq.,* a trial court must follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. *Id.* § 9721(b). …

*Commonwealth v. Mouzon*, 812 A.2d 617, 620 (Pa. 2002) (case citations, quotation marks and footnote omitted).

---

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014) (citation omitted).

First, as Woods concedes, the court sentenced him pursuant to the agreed-upon sentence of not less than 18 nor more than 36 months of incarceration. (**See** Woods' Brief, at 4); (**see also** Commonwealth's Brief, at 11); (Trial Ct. Op., at 1-2). It is well-established that "where the plea agreement provides … for specific penalties, an appeal from a negotiated sentence will not stand." **See Commonwealth v. Dalberto**, 648 A.2d 16, 20 (Pa. Super. 1994), *appeal denied*, 655 A.2d 983 (Pa. 1995), *cert. denied*, 516 U.S. 818 (1995).

Second, as the trial court noted, "Even assuming, *arguendo*, that [Woods] had properly preserved his issue, the court submits that a sentence of eighteen to thirty-six months for attempting to smuggle multiple balloons of Suboxone and heroin into SCI-Smithfield is not excessive in light of both the gravity of the offense and [Woods'] prior record[.]" (Trial Ct. Op., at 2). We agree.

Woods is a repeat violent felon with two or more first-degree felony convictions, with a prior record score of six. **See** 204 Pa. Code §§ 303.4, 303.7. He pleaded guilty to the second-degree felony of possession of a controlled substance by an inmate, which carries an offense gravity score of seven. **See** 204 Pa. Code § 303.15. Based on the foregoing, the mitigated sentencing range for his conviction was 29 to 35 months. **See** 204 Pa. Code §§ 303.13(b), 303.16(a).

Even taking into consideration the lack of harm caused to any other person and Woods' acceptance of responsibility and rehabilitative needs, we discern no abuse of the trial court's broad discretion in accepting an agreed-upon sentence well below the mitigated range and sentencing Woods consistent therewith. *See Antidormi*, *supra* at 760. For all these reasons, Woods' issue on appeal, even if properly preserved, would fail.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2021