J-A14026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          :              PENNSYLVANIA
                                            :

               v.                                :
                                            :
                                            :

GREGORY ALLEN EDDY             :
                                            :

            Appellant             :    No. 476 MDA 2021

Appeal from the Judgment of Sentence Entered March 15, 2021
In the Court of Common Pleas of Luzerne County
Criminal Division at No.:  CP-40-CR-0004012-2018

BEFORE:   BENDER, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:         **FILED:  SEPTEMBER 14, 2022**

Appellant Gregory Allen Eddy appeals from the March 15, 2021 judgment of sentence entered in the Court of Common Pleas of Luzerne County ("trial court"), following his guilty plea to one count of theft by unlawful taking under Section 3921(a) of the Crimes Code, 18 Pa.C.S.A. § 3921(a). Upon review, we affirm.

The facts and procedural history of this case are uncontested.  Briefly, on June 22, 2020, Appellant pleaded guilty to theft by unlawful taking in connection with the theft of lottery tickets.  Because the guilty plea did not include an agreed-upon restitution amount, a restitution hearing was scheduled to take place at the time of sentencing.  On March 15, 2021, the trial court conducted a sentencing hearing, at which the Commonwealth

_____

[*] Former Justice specially assigned to the Superior Court.

presented testimonial evidence that the victim suffered a $10,000 loss as a result of the theft.[1]  Appellant disputed the amount, claiming that he took only $300 worth of lottery tickets.   Following its review of the presentence investigation report, the trial court sentenced Appellant to 24 months' probation and directed him to pay $10,000 in restitution.  Appellant did not file any post-sentence motions.  Appellant timely appealed.  The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.  Appellant complied, challenging, *inter alia*, the discretionary aspects of his sentence.   In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal,[2] Appellant presents two issues for our review.

[I.] Did the lower court commit an error of law in its sentence and order of restitution, because they were based upon insufficient evidence?

_____

[1] Specifically, the Commonwealth presented evidence that the victim made an insurance claim for $10,000 with a deductible of $1000.  In other words, the insurer paid $9000 and the victim paid a $1000 deductible.

[2] When reviewing a challenge to the trial court's discretion, our standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa. Super. 2012) (quoting *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa. Super. 2002)), *appeal denied*, 64 A.3d 630 (Pa. 2013).

[II.] Did the lower court err and abuse its discretion in its imposition of an unreasonable and excessive sentence and order of restitution?

Appellant's Brief at 4 (unnecessary capitalizations omitted). His issues on appeal implicate only the discretionary aspects of his sentence. *See Commonwealth v. Weir*, 239 A.3d 25, 38 (Pa. 2020) (explaining that a challenge to the amount of restitution based on evidence presented by the Commonwealth is a challenge to the discretionary aspects of sentencing). It is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)). Whether a particular issue constitutes a substantial question about

the appropriateness of sentence is a question to be evaluated on a case-by-case basis. *See Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001), *appeal denied*, 796 A.2d 979 (Pa. 2002).

Here, we note that we are unable to address Appellant's claims, because he did not preserve them for our review by failing to raise them before the trial court at sentencing or in the post-sentence motion. *See* Pa.R.Crim.P. 720(A)(1); *see also Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (holding objections to discretionary aspects of sentence are generally waived if not raised at sentencing or preserved in a post-sentence motion); *accord Commonwealth v. Reeves*, 778 A.2d 691, 692-93 (Pa. Super. 2001) (failure to raise specific claim regarding imposition of sentence in post-sentence motion deprived trial court opportunity to consider it and, thus, claim waived on appeal). In *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013), we explained that "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Cartrette*, 83 A.3d at 1042 (citation omitted). As a result, he waived his claims implicating the discretionary aspects of sentencing, including his challenge to the amount of restitution awarded.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>09/14/2022</u>