J-S04040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NELSON OMAR LABOY-PIRELA | : | |
| | : | |
| Appellant | : | No. 1139 EDA 2023 |

Appeal from the Amended Judgment of Sentence Entered May 1, 2023
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0003286-2022

BEFORE:  BOWES, J., STABILE, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED APRIL 17, 2024**

Nelson Omar Laboy-Pirela ("Laboy-Pirela") appeals from the amended judgment of sentence imposed following his guilty plea to, *inter alia*, fleeing or attempting to elude an officer.[1] We affirm.

In March 2023, pursuant to an open plea agreement, Laboy-Pirela entered a guilty plea to the above offense, which stemmed from an incident where he fled from a traffic stop.  Laboy-Pirela agreed to the following facts at the guilty plea hearing:

> . . . On July 15th of last year, at approximately 3:53 p.m., Trooper Patrick McMillan was on routine patrol . . .  He was traveling in the left lane when he observed a white in color Toyota Corolla in front of his patrol vehicle.  He witnessed a clear bottle being thrown from the passenger side window onto the roadway.  He activated his emergency lights and sirens to initiate a traffic stop.  The Toyota Corolla stopped on the shoulder . . .  The trooper exited his vehicle and approached the Toyota on the passenger side.  As

---

[1] *See* 75 Pa.C.S.A. § 3733(a).

he got close to the Toyota, he observed the brake lights get activated, which based on the trooper's experience, training[,] and education[,] was an indicator that the operator may attempt to flee from the stop. The Toyota Corolla then sped off at a high rate of speed.

        The trooper returned to his patrol unit and proceeded to pursue the fleeing car. As the Toyota Corolla approached [an] intersection . . . , the operator[, Laboy-Pirela,] lost control of the vehicle, hit a raised traffic island in the intersection, then turned right into oncoming traffic where it came to an uncontrolled position of final rest . . .

        Both the passenger and [Laboy-Pirela] fled the vehicle. [Laboy-Pirela] ran toward a cornfield . . . The trooper pursued [Laboy-Pirela]. The trooper entered the cornfield and gave chase while instructing [Laboy-Pirela] to stop. [Laboy-Pirela] kept going until he fell on the ground due to the thick vegetation.

        The trooper then got on top of [Laboy-Pirela] and demanded for [him] to put his hands behind his back several times, which he refused. [Laboy-Pirela] was face-down, and the trooper was straddling his back. He was repeatedly told to put his hands behind his back, struggled and did not comply. The trooper indicated to him that he would be tased, and, in fact, he was eventually tased after warnings[, a]t which time, he complied with the trooper's commands and was taken into custody.

N.T., 3/2/23, at 8-10.

Pursuant to the open plea agreement, the Commonwealth dismissed four other charges and agreed that the sentences on the remaining charges to which Laboy-Pirela pleaded guilty would run concurrently to one another. The trial court ordered that a presentence investigation report ("PSI") be prepared in advance of the sentencing hearing.

On April 14, 2023, the trial court conducted a sentencing hearing. At the conclusion of the hearing, the trial court imposed a sentence of three to

seven years in prison for fleeing or attempting to elude an officer, which fell within the aggravated range of the sentencing guidelines.[2]

Laboy-Pirela filed a post-sentence motion to reconsider sentence arguing, *inter alia*, that a lesser sentence would better achieve the goals of rehabilitation and protection of the community. The trial court denied the motion to reconsider sentence.[3] Laboy-Pirela then filed a timely notice of appeal, and both he and the trial court complied with Pa.R.A.P. 1925.

Laboy-Pirela raises the following issue for our review:

> Whether the trial court abused its discretion in imposing a manifestly excessive and unreasonable sentence which has a minimum sentence that is four (4) times higher than the sentencing guideline range as applied to [Laboy-Pirela] when the court failed to consider any significant mitigating factors, failed to apply, and review all the necessary factors as set forth in 42 Pa.C.S.A. § 9721(b) and 42 Pa.C.S.A. § 9781(c) and (d), or otherwise failed to set forth appropriate reasons for its radical deviation from the standard sentencing ranges?

Laboy-Pirela's Brief at 5 (unnecessary capitalization omitted).

---

[2] The trial court also found Laboy-Pirela eligible for the Recidivism Risk Reduction Initiative ("RRRI") making his minimum sentence for fleeing and attempting to elude an officer twenty-seven months in prison, pending successful completion of the program.

[3] In its sentencing order, the trial court imposed concurrent sentences for the remaining convictions, which included driving with a suspended license. In his post-sentence motion, Laboy-Pirela additionally claimed that the trial court imposed an illegal sentence for that conviction. On May 1, 2023 the trial court granted that portion of the post-sentence motion, partially vacated the judgment of sentence, and resentenced Laboy-Pirela for driving with a suspended license to a fine of $1,000.

Laboy-Pirela's issue presents a challenge to the discretionary aspects of his sentence. We consider a challenge to the discretionary aspects of sentence to be a petition for permission to appeal, as the right to pursue such a claim is not absolute. *See Commonwealth v. Rhoades*, 8 A.3d 912, 916 (Pa. Super. 2010). Before we reach the merits of a challenge to the discretionary aspects of sentence, this Court must conduct a four-part analysis determining:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted).

In the instant case, Laboy-Pirela filed a post-sentence motion to reconsider and modify his sentence, a timely notice of appeal, and included in his brief a Rule 2119(f) statement. However, we must initially determine whether the issues he raises in his Rule 2119(f) statement were properly preserved for this Court's review.

In his Rule 2119(f) statement, Laboy-Pirela purported to raise the following issues:

> []Laboy-Pirela is requesting the review of his sentence for the fleeing and eluding charge based upon his belief that the sentencing court abused its discretion when it imposed a harsh and excessive sentence contrary to the fundamental norms of the sentencing guidelines. The sentence imposed was nearly the maximum legally allowable sentence and was more than twice the

- 4 -

standard sentencing range as applied to []Laboy-Pirela. The deviation from the guideline range must be supported by appropriate and factually justifiable reasons and the defendant does not believe that the court presented such justification.

Laboy-Pirela's Brief at 9.

Our review of Laboy-Pirela's post-sentence motion to reconsider and modify his sentence discloses that he did not raise a claim that the sentencing court failed to adequately state the reasons for his sentence on the record. **See** Post-Sentence Motion, 4/21/23, at unnumbered 1-5. The sentencing hearing transcript further discloses that Laboy-Pirela did not raise this issue at the time of sentencing. **See** N.T., 4/14/23, at 14-18. Thus, Laboy-Pirela did not give the sentencing judge an opportunity to reconsider or modify his sentence on this basis. **See Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003). Accordingly, this issue is waived.[4] **See id**.; **see also Commonwealth v. Reeves**, 778 A.2d 691, 692-93 (Pa. Super. 2001) (holding that, by failing to raise the specific claim that the trial court failed to state reasons for sentence on the record in post-sentence motion, the trial court was deprived of opportunity to consider claim and thus the claim was waived on appeal).

---

[4] We note that, even if Laboy-Pirela had preserved this issue for our review, we would have concluded that it lacked merit, as the record reflects that the trial court provided a statement of reasons for Laboy-Pirela's sentence on the record at the time of sentencing, including the danger to bystanders he caused while fleeing Trooper McMillan, and his lengthy criminal record, which includes an escalating pattern of dangerous offenses. **See** N.T., 4/14/23, at 12-16.

We next consider the remaining claim raised in Laboy-Pirela's Rule 2119(f) statement, namely, that his sentence for the offense of fleeing or attempting to elude an officer was harsh and excessive. Laboy-Pirela did not explicitly claim that his sentence was either harsh or excessive in his post-sentence motion. Indeed, the only statement he made in the post-sentence motion which relates in any manner to the length of his sentence was his "belie[f] . . . that a lesser sentence would both protect the community and allow for adequate rehabilitation." **See** Post-Sentence Motion, 4/21/23, at unnumbered 2. The remainder of the post-sentence motion concerned Laboy-Pirela's belief that he had expressed true remorse for his crimes, had taken substantial steps to rehabilitate himself, and wished to be made eligible for the state drug treatment program. **See id**. at 2-3.

Nevertheless, we can infer from the scant statements made in the post-sentence motion that Laboy-Pirela sought to challenge the length of his sentence. Accordingly, as he has complied with the technical requirements to challenge the discretionary aspects of his sentence for this limited discretionary sentencing claim, we will review Laboy-Pirela's Rule 2119(f) statement to determine whether he has presented a substantial question for our review.

We determine what constitutes a substantial question on a case-by-case basis. **See Commonwealth v. Glass**, 50 A.3d 720, 727 (Pa. Super. 2012). A substantial question exists "only when the appellant advances a colorable

argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id*.

A claim that a sentence is excessive, even if it is within the statutory limits, can raise a substantial question for appellate review. *See Commonwealth v. Mouzon*, 812 A.2d 617, 624 (Pa. 2002). However, a bald allegation of excessiveness is insufficient to raise a substantial question. *See id*. at 627. Instead, an appellant making an excessiveness claim raises a substantial question when he sufficiently articulates either: (1) the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code; or (2) a particular fundamental norm underlying the sentencing process. *See Mouzon*, 812 A.2d at 624; *see also Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*). To meet this sufficiency requirement:

> [T]he Rule 2119(f) statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated (*e.g.*, the sentence is outside the guidelines and the court did not offer any reasons either on the record or in writing, or double-counted factors already considered). Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm (*e.g.*, the sentence is unreasonable or the result of prejudice because it is 500 percent greater than the extreme end of the aggravated range). If the Rule 2119(f) statement meets these requirements, we can decide whether a substantial question exists.

*Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*).

In his Rule 2119(f) statement, as set forth above, Laboy-Pirela did not specify the particular provision of the Sentencing Code that he contends was violated. Nor did he specify the particular fundamental norm that the sentence purportedly violates and the manner in which the sentence violates that norm. Instead, he vaguely claimed that his sentence is "contrary to the fundamental norms of the sentencing guidelines" and that "[t]he sentence imposed was nearly the maximum legally allowable sentence and was more than twice the standard sentencing range." Laboy-Pirela's Brief at 9. Based on these statements, we conclude that Laboy-Pirela's Rule 2119(f) statement amounts to a bald assertion that his sentence was excessive. *See Commonwealth v. Fisher*, 47 A.3d 155, 159 (Pa. Super. 2012) (finding no substantial question presented where appellant merely claimed the sentence was "manifestly unreasonable . . . in excess of the guidelines without sufficient justification"); *see also Commonwealth v. Reynolds*, 835 A.2d 720, 733 (Pa. Super. 2003) (finding no substantial question presented where appellant merely claimed the sentence was unreasonable and resulted in prejudice because of the extreme end of the sentencing ranges). Accordingly, we decline to review the merits of Laboy-Pirela's discretionary sentencing claim.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: 4/17/2024