J-S27038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CLYDELL RUSSELL | : | |
| | : | |
| Appellant | : | No. 1989 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 14, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001686-2023

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:              **FILED OCTOBER 10, 2025**

Appellant, Clydell Russell, appeals from his March 14, 2024, judgment of sentence entered in the Court of Common Pleas of Philadelphia County. On January 4, 2024, Appellant plead guilty to one count attempted murder, one count aggravated assault, one count firearms not to be carried without a license, and one count possession of an instrument of crime. On March 14, 2024, Appellant was sentenced to two standard-range periods of incarceration, to be run consecutive, totaling an aggregate term of incarceration of nine to eighteen years. After careful review, we deny Appellant's petition for allowance of appeal, and we affirm his judgment of sentence.

_____

[*] Former Justice specially assigned to the Superior Court.

The charges to which Appellant pled guilty arise from an altercation between Appellant and the victim which occurred on the morning of Tuesday, November 8, 2022, on the 1700 block of Mount Vernon Street in Philadelphia. N.T. 1/04/24 Guilty Plea Hearing, 9-10. The Commonwealth recovered footage of the incident which depicted Appellant and his victim engaged in a physical altercation. The footage shows that the victim was unarmed during this altercation and further shows that the victim attempted to disengage from the Appellant as Appellant drew a firearm. The victim raised his hand up while backing away, and Appellant shot him in the neck from several feet away[1]. *Id.*; N.T. 3/14/24 Sentencing Hearing, 12. Appellant fled the scene but was shortly thereafter taken into custody by highway patrol officers while wearing the same clothing as he was wearing in the recording, except for a black Nike jacket which he had discarded during his flight. N.T. 1/04/24 Guilty Plea Hearing, 11-12. That black Nike jacket was later recovered and was found to have gunshot residue in the front pocket. *Id.* at 11. After being taken into custody, Appellant gave a post-Miranda statement admitting to the shooting and to fleeing, discarding his jacket, and discarding the firearm used in the shooting.[2] *Id.* at 11. When asked why he shot the victim, Appellant stated "[i]t's just a reminder if you touch me, I got something for you." *Id.* Appellant

_____

[1] The victim was transported from the scene to Temple Hospital for emergency medical treatment and ultimately survived his injuries. N.T. 1/4/2024 Guilty Plea Hearing, 10.

[2] The firearm in question was recovered ten days later in a residence on the 2000 block of North Street, Philadelphia. N.T. 1/04/24 Guilty Plea Hearing at 11.

did not at any time relevant to this case have a valid license to carry a firearm. *Id.*

Prior to sentencing, Appellant participated in the preparation of a presentence investigation and a mental health report; those reports were acknowledged by the Court at the outset of the sentencing hearing, and both parties confirmed receipt of the reports. N.T. 3/14/24 Sentencing Hearing, 4. In addition to those reports, defense counsel represented to the Court: that Appellant has "an IQ in the 70s range;" that Appellant has a reputation for being a "snitch," which resulted in harassment and abuse within his community; that Appellant was present in the neighborhood where he committed the shooting both because his grandmother lived there and also as an attempt to avoid bullying in his home community; and that the victim relayed to Appellant's sister, who in turn relayed to defense counsel, that the victim did not intend to attend court and that he hoped the best for Appellant. *Id.* 6-11. Appellant also addressed the Court and apologized for his actions. *Id.* at 19.

Also at sentencing, the Commonwealth introduced the aforementioned video depicting the shooting as well as a medical report documenting the injuries sustained by the victim. *Id.* 11-12, 17-18. Further, the prosecutor added to defense counsel's representation regarding Appellant's being present at the scene, noting that while Appellant may have been in the neighborhood where the shooting had happened "to see family or get away from [West] Philadelphia," he "[w]as also dealing drugs[at that time], which [Appellant]

admitted [in a post-arrest statement to the police]," and further that this matter arose from "a fistfight that occurred over a drug corner." *Id.* 13-14. Defense counsel objected to that representation, arguing that Appellant "didn't plea[d] to [Possession with Intent to Deliver]," continuing "[t]hat's not part of what you're sentencing for today." *Id.* 13. The Court responded "[h]ow is that not relevant?" *Id.* To this, defense counsel admitted:

"Well, Your Honor, I think you can consider information that's not part of the terms of the plea, I think that's certainly fair. But if the Commonwealth thought it was able to prove possession with intent to deliver, they would have asked him to plead guilty to it or convicted him at trial."

*Id.*

Appellant's objection was overruled without further argument. *Id.* Prior to imposing sentence, the Court outlined its reasoning as follows:

"I appreciate that you took responsibility by pleading guilty. That's mitigation. I appreciate that you apologized for your behavior. I appreciate that you recognize the impact that this has on your family.
On the other hand, I also am concerned about the way you handled this situation, [] and the thing that you said [']it is a reminder that if you touch me, I got something for you.['] It is not how we live in society.
That video of this incident is really, really troubling, [] because [the victim] was backing up and you were going forward. And when you shot him [,] the gun was maybe a foot or two from his neck. And that to me is pretty impactful.
And so that's why [] I don't agree in the least bit with your attorney about this being more like an aggravated assault. If you were maybe a block away and you hit somebody in the neck, I could see that.
But you were so close to him, [] that you intended to shoot him in the neck or in the head, and I don't doubt that. And so I think this really is an attempted murder, so I have to factor that in.

- 4 -

And then, [] factoring in[,] it is an important thing that you are up to no good in this neighborhood. You don't belong there. You had no business being there. And, you know, the idea that you were leaving West Philly to get out of the bad situation you were in before, not sure that that is true.

So, [] those are all the things that I am factoring in. And then as well as [] the fact that you had some intellectual difficulties and issues I think is something that I also take into consideration in terms of mitigation.

So the guidelines in this case are not helpful. I could sentence you to a guideline sentence and give you 7 and a half years, and I could sentence you to a guideline sentence and give you 20 to 40. I have such discretion in this case that it is really not helpful, those guidelines.

I think it is a case that pushes me to the lower end of the guidelines and so that's what I am going to do; however, the fact that you are a person who has no business having a firearm is going to make me give you a little bit more of a sentence, and I am going to run those consecutive."

*Id.* 19-21.

Appellant was subsequently sentenced: on the attempted murder, to seven and a half to fifteen years; on the possession of a firearm, nine to eighteen months, consecutive to the attempted murder sentence; no further penalty was imposed on possession of an instrument of crime. *Id.* 21-22. The lower Court also included as conditions of sentence: Appellant to work towards his GED, to participate in any therapeutic community available to him while incarcerated, and to participate in any violence prevention programming available through the Department of Corrections. *Id.*

Appellant filed a post-sentence motion for reconsideration of this sentence, arguing:

"[T]he record is insufficient with respect to consideration of the defendant's background, character and rehabilitative needs, does not state sufficiently adequate reasons for imposing the sentence;

- 5 -

reflects reliance upon impermissible factors in violation of the sentencing guidelines and the fundamental norms of sentencing. Additionally, the Court noted that consecutive time was being imposed with respect to the firearms charge because Petitioner is 'someone who should not have had a gun.' Though Petitioner should not have armed himself without a license, undeniably lacks the temperament for firearm ownership and is now forever ineligible to carry a firearm by virtue of this conviction, he was not technically disqualified at the time of this offense. This consecutive portion of the sentence, therefore, may reflect insufficient consideration of Petitioner's prior record score of zero."

Defendant's Post-Sentence Motion, filed 3/24/2024.

Appellant's motion was denied by operation of law on July 22, 2024. Appellant subsequently filed his notice of appeal and statement of errors complained of on appeal, and the instant appeal followed.

In his brief, Appellant presents a single compound question in his statement of the question involved.

"Is the aggregate sentence of nine to eighteen years of incarceration, comprised of two standard range sentences imposed consecutively, excessive and clearly unreasonable where the sentencing court failed to properly consider Mr. Russell's character and rehabilitative needs, relied on impermissible and insufficient factors, and ignored the overwhelmingly mitigating evidence that was presented regarding both the circumstances of the offense and Mr. Russell's character?"

Appellant's Brief, 3.

As Appellant's challenge addresses the discretionary aspects of his sentence, we must first determine whether he has successfully invoked the jurisdiction of this Court. *See Commonwealth v. Crawford*, 257 A.3d 75, 78 (Pa. Super. 2021). To do so, we employ the following four-part test:

(1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, see Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process."

*Id.*

Further, "[w]e cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement to determine whether a substantial question exists." *Id.* Bald assertions of sentencing errors are insufficient to establish a substantial question, as an appellant "[m]ust support his assertions by articulating the way in which the court's actions violated the sentencing code." *Commonwealth v. Malovich,* 903 A.2d 1247, 1252 (Pa. Super. 2006) (*citing Commonwealth v. Mouzon*, 812 A.2d 617, 626-627 (Pa. 2002)). Therefore, mere "incantations of statutory provisions and pronouncements of conclusions of law" are inadequate, and as a result "where a defendant merely asserts that his sentence is inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing scheme without explaining how or why, [this Court] cannot determine whether he has raised a substantial question." *Commonwealth v. Goggins,* 748 A.2d 721, 727 (Pa. Super. 2000) (en banc))

We begin our assessment by noting that Appellant's appeal is timely and further Appellant's brief complies with the requirements of Pa.R.A.P. 2119(f) by including a statement of reasons for allowance of appeal from the discretionary aspects of sentence. Appellant's Brief, 13-17. However, we find that he has failed to present any issue which was properly preserved below and also raises a substantial question for review.

In his Rule2119(f) statement, Appellant contends he "raises a substantial question for three reasons." Appellant's Brief, 13. First, he contends that "the lower court failed to adequately consider relevant sentencing criteria as required by 42 Pa.C.S. § 9721(b), specifically his character and rehabilitative needs." *Id.* at 13-14. However, he then immediately acknowledges that the sentencing court was afforded with both a presentence investigation report and a mental health evaluation report. Appellant's brief at 14. While he contends that "there is no indication in the record that the lower court reviewed either of these documents prior to imposing its sentence," and continues that "neither document was sufficient," such is contrary to this Court's well-settled precedent. **See Commonwealth v. Nevels,** 203 A.3d 229, 248 (Pa. Super. 2019)(where the record shows that a sentencing court has ordered a presentence investigation, and has subsequently received a presentence investigation report, we may presume the sentencing court has reviewed the report prior to imposing sentence and

properly considered and weighed all relevant factors in fashioning the defendant's sentence).

Further, we have previously observed that "a claim that the sentencing court failed to consider or accord proper weight to a specific sentencing factor *does not* raise a substantial question," and "[t]here is ample precedent to support a determination that a claim that the trial court failed to consider an appellant's rehabilitative needs fails to raise a substantial question." ***Commonwealth v. Caldwell,*** 117 A.3d 763, 769 (Pa. Super. 2015)(*citing* ***Commonwealth v. Griffin,*** 2013 PA Super 70, 65 A.3d 932, 936-37 (Pa. Super. 2013), appeal denied, 621 Pa. 682, 76 A.3d 538 (Pa.2013)). Thus, Appellant's first argument fails to present a substantial question.

In his second argument, Appellant contends that he raises a substantial question where "the lower court relied on impermissible factors in determining its sentence." Appellant's Brief at 15. On appeal, he identifies the following factor as relates to this claim:

> "During the sentencing hearing, the prosecutor asserted that Mr. Russell and the complainant were drug dealers, and that what occurred was a fight over a drug corner. Mr. Russell's counsel objected to these assertions, and the prosecutor never provided any evidence that they were true, nor was there any support for them elsewhere in the record."

Appellant's Brief at 16.

While Appellant's counsel did object to the Commonwealth's representation at sentencing, the trial court heard only an objection on the basis of relevance, not lack of evidentiary support. N.T. 3/14/2024 Sentencing

Hearing at 13-14. Further, Appellant's post-sentence motion does not specify what factors it identified as impermissible, nor does it explain why they were impermissible. Thus, Appellant failed to "give the sentencing judge an opportunity to reconsider or modify [Appellant's] sentence," on this basis which he currently argues on appeal; therefore, this issue is not preserved, and Appellant's second question cannot be reviewed by this Court. **Commonwealth v. Reeves,** 778 A.2d 691, 692-693 (Pa. Super. 2001); Pa.R.A.P. 302(a)("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

In his third argument, Appellant contends that he raises a substantial question where "the lower court imposed an excessive and clearly unreasonable sentence because it failed to consider several mitigating factors and relied on an insufficient basis for imposing consecutive standard range sentences." Appellant's Brief at 16 *citing* **Commonwealth v. Raven,** 97 A.3d 1244, 1253 (Pa. Super. 2014). However, Appellant's final argument does not rise above the level of 'mere incantations of statutory provisions and pronouncements of conclusions of law.' Appellant only argues that "[b]oth the circumstances of the offense and the history and characteristics of Mr. Russell overwhelmingly support imposing a mitigated sentence, or at the very least a sentence in the mitigated range," without further discussion. Appellant's Brief at 17. Regarding his challenge to the imposition of consecutive sentences, Appellant submits that:

"[N]one of the aggravating circumstances typically found sufficient to justify imposing consecutive standard range sentences are present in this case. Indeed, the sole reason that the lower court provided for imposing its sentences consecutively – that Mrs. Russell was carrying a gun without a license – is not an aggravating factor at all, but rather the very basis for the offense itself."

Appellant's Brief at 17.

In this, we are at a loss to understand Appellant's argument. The lower court did not impose an aggravated-range sentence relative to either period of incarceration to which it sentenced Appellant. Appellant also cites no precedent in support of his proposition that the imposition of consecutive sentences is only appropriate in light of particular "aggravating circumstances." In fact, this argument appears to demonstrate a misunderstanding of Pennsylvania law. Rather, the decision to impose sentences consecutively lies within the sound discretion of the trial court; no showing of aggravating factors is required, and imposing sentences consecutively does not raise a substantial question except for "extreme circumstances" wherein the sentence is manifestly excessive in light of the criminal conduct at issue. **Commonwealth v. Zirkle,** 107 A.3d 127, 133 (Pa.Super. 2014), *appeal denied*, 632 Pa. 671, 117 A.3d 297 (2015). Appellant's 2119(f) statement thus does not develop an adequate argument

relative to his challenge to the imposition of consecutive sentences, and his third and final argument in his 2119(f) statement fails.

As Appellant has failed to invoke this Court's jurisdiction to review Appellant's challenges to the discretionary aspects of his sentence, his petition for allowance of appeal is denied, and his judgment of sentence is affirmed.

Petition for allowance of appeal denied. Judgment of sentence affirmed.

Judge Kunselman joins the Memorandum.

Judge Stabile Concurs in the Result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>10/10/2025</u>